IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **AARON LATTNER,** | : |
| Plaintiff, | : |
| | : Case No. |
| v. | : |
| | : Judge |
| **CORECIVIC OF TENNESSEE, LLC,** | : |
| Defendant. | : |

### NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

Defendant CoreCivic of Tennessee, LLC, ("CoreCivic" or "Defendant"), by and through undersigned counsel, files this Notice of Removal of Civil Action to Federal Court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, to remove this matter from the Court of Common Pleas of Mahoning County, Ohio to the United States District Court for the Northern District of Ohio. In support, CoreCivic states as follows:

1. On or about October 29, 2020, Plaintiff Aaron Lattner ("Plaintiff" or "Lattner") filed a Civil Action Complaint against Defendant captioned *Aaron Lattner v. CoreCivic of Tennessee, LLC,* 2020-CV-01755, in the Court of Common Pleas of Mahoning County, Ohio ("State Court Action"). A true and accurate copy of the Complaint is attached as Exhibit A.

2. On or about November 6, 2020, the Mahoning County Clerk of Courts issued the Summons and Complaint for service upon the registered agent for Defendant via certified mail. A true and accurate copy of the Summons and Proof of Mailing is attached as Exhibit B. On November 10, 2020, service was successfully completed. There have been no other pleadings filed

in the Court of Common Pleas of Mahoning County, Ohio in connection with this case. A true and accurate copy of the docket is attached as Exhibit C.

3. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), in that it is filed within thirty (30) days of receipt of the Summons and Complaint by Defendant.

4. The Complaint purports to assert claims for (1) retaliation in violation of Ohio Whistleblower Statute Ohio Revised Code § 4113.52; (2) wrongful termination in violation of public policy; and (3) race discrimination in violation of Ohio Revised Code § 4112.01, *et seq.*; and (4) gender discrimination in violation of Ohio Revised Code § 4112.01, *et seq.* (Ex. A).

5. This Court has original jurisdiction over this action under 28 U.S.C. § 1332 because complete diversity exists between the parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1).

6. Plaintiff is a citizen of the State of Ohio and resides in Hubbard, Ohio. (Ex. A, Caption). Therefore, Plaintiff is a citizen of Ohio for the purposes of 28 U.S.C. § 1332.

7. CoreCivic is a corporation organized and existing under the laws of the State of Tennessee with its principal place of business in the State of Tennessee. Therefore, CoreCivic is a citizen of Tennessee for purposes of 28 U.S.C. § 1332. *See* 28 U.S.C. § 1332(c)(1).

8. Accordingly, diversity of citizenship, for purposes of 28 U.S.C. § 1332, existed between Plaintiff and Defendant at the time Plaintiff commenced the State Court Action and as of the time Defendant filed the Notice of Removal.

9. Although Plaintiff has not alleged a specific amount of damages in this Complaint, Defendant asserts that the amount in controversy exceeds $75,000.[1] In his Complaint, Plaintiff,

---

[1] Defendant denies the allegations in the Complaint and contends that Plaintiff is not entitled to any recovery whatsoever. Defendant provides the following only to demonstrate that the amount in controversy, based on the demand and relief sought by Plaintiff in the Complaint, taken as a whole exceeds the $75,000 jurisdictional requirement.

who is asserting four claims, states that he seeks an award "for compensatory and monetary damages to compensate Lattner for his back wages, front wages, lost benefits and other consequential damages in an amount in excess of *$25,000 per claim* to be proven at trial." (Ex. A, Prayer for Relief) (emphasis added). Plaintiff further seeks "punitive damages in an amount in excess of $25,000 *per claim*" as well as attorneys' fees and costs. (*Id.*) (emphasis added).

10. In determining whether a complaint meets the $75,000 threshold of 28 U.S.C. § 1332(a), a court must consider the aggregate value of claims for compensatory and punitive damages. *See, e.g., Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount.") (footnote omitted); *Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d. Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of rights being litigated") (internal citations omitted). Further, a court must also consider a plaintiff's request for attorneys' fees when evaluating the amount in controversy. *See Shupe v. Asplundh Tree Expert Co.*, Case No. 13-5747, 2014 U.S. App. LEXIS 9668, *10 (6th Cir. 2014) (finding that attorney's fees are considered when determining the amount in controversy).

11. Taking Plaintiff's demand for compensatory and punitive damages together with his request for attorneys' fees, this is the type of case wherein the damages sought clearly exceed $75,000, so that Defendant may remove this action. *See Kennard v. Harris Corp.*, 728 F. Supp. 453, 454 (E.D. Mich. 1989); *Turner v. Wilson Foods Corp.*, 711 F. Supp. 624, 626 (N.D. Ga. 1989); *Pakledinaz v. Consolidated Rail Corp.*, 737 F. Supp. 47, 48 (E.D. Mich. 1990).

12. The requirements of 28 U.S.C. § 1332(a) have been met in that the amount in controversy exceeds $75,000, exclusive of interest and costs, and because this action is a civil action between citizens of different states.

13. Pursuant to 28 U.S.C. § 1391, venue is proper in the United States District Court for the Northern District of Ohio, insofar as the alleged events giving rise to claims in this case occurred in Mahoning County, Ohio, which is within this Court's jurisdiction.

14. As required by 28 U.S.C. § 1446(d), Defendant will provide written notice of the filing of this Notice of Removal of Civil Action to Federal Court to Plaintiff's counsel of record, Barry R. Murner from The Spitz Law Firm, LLC, and Defendant will promptly file this Notice of Removal of Civil Action to Federal Court with the Clerk of the Mahoning County Court of Common Pleas.

15. By reason of the foregoing and pursuant to 28 U.S.C. § 1441(b), Defendant desires and is entitled to have this case removed from the Court of Common Pleas of Mahoning County, Ohio to the United States District Court for the Northern District of Ohio.

16. By filing the Notice of Removal, Defendant does not waive any objections it may have as to service, jurisdiction, or venue, or any other defenses available to it at law, in equity or otherwise. Defendant intends no admission of fact or law by this Notice and expressly reserves all defenses and motions.

**WHEREFORE**, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, CoreCivic removes this case from the Mahoning County Court of Common Pleas to this Court.

        Respectfully submitted,


/s/ *Shannon K. Patton*
Shannon K. Patton (0069407)
Brian F. FitzGerald (0098265)
LITTLER MENDELSON, P.C.
1100 Superior Avenue, 20th Floor
Cleveland, OH 44114
Telephone: 216.696.7600
Facsimile: 216.696.2038
spatton@littler.com
bfitzgerald@littler.com

Attorneys for Defendant
CORECIVIC OF TENNESSEE, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of December, 2020, a true and correct copy of the foregoing *Defendant's Notice of Removal to Federal Court* was electronically filed using the Court's electronic filing system. Notice of filing will be performed by the Court's electronic filing system, and Parties may access the document through the electronic filing system. A copy of the foregoing has also been served upon counsel of record, Barry R. Murner, of The Spitz Law Firm, LLC, for Plaintiff via email delivery at barry.murner@spitzlawfirm.com on December 8, 2020.

>   */s/ Brian P. FitzGerald*
>   Brian P. FitzGerald
>
>   One of the Attorneys for Defendant,
>   CoreCivic of Tennessee, LLC