UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AARON LATTNER, | ) | CASE NO.  4:20CV2726 |
| | ) | |
| Plaintiff, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | CASE MANAGEMENT |
| | ) | CONFERENCE ORDER |
| CORECIVIC OF TENNESSEE, LLC, | ) | |
| | ) | CASE MANAGEMENT PLAN |
| Defendant. | ) | LR 16.1(b)(4) |

1.  A Case Management Conference was conducted on February 12, 2021.

2.  The following parties were present:

    A.  Plaintiff: Not Present

    B.  Defendant:   Susan Lindsey

3.  The following attorneys were present:

    A.  Plaintiff's counsel: Andrew D. Pappert

    B.   Defendant's counsel: Shannon K. Patton and Brian P. FitzGerald

4.  A Discovery Plan was filed on February 4, 2021.

-1-

(4:20CV2726)

### REGISTRATION FOR RECEIPT OF ELECTRONIC DOCUMENTS

If it has not already been done, all counsel must complete Attorney Registration Forms and return them to the Clerk of Court as soon as possible so that attorney user accounts can be established.  An Attorney Registration Form is in the Policies and Procedures Manual.  In addition, counsel can easily register online at:

https://www.ohnd.uscourts.gov/content/cmecf-attorney-registration

As soon as accounts are established, counsel will be provided with user identification names and passwords which will permit access to the electronic filing system and which shall serve as signatures for any and all documents filed electronically.

The Clerk's Office has established an Electronic Filing Help Desk at 1-800-355-8498 to answer questions and provide assistance should difficulties arise.

### RULINGS ON ADDITIONAL MATTERS PURSUANT TO LR 16.3(b)(2)

5.  After consultation with the parties and counsel, the Court determined that this case will proceed on the Standard Track.

6.  This case is not suitable for Alternative Dispute Resolution (ADR) at this time.

7.  The parties do not consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

8.  There are no case-specific rulings as to the type and extent of discovery.  Parties are to follow the limits established by the Local and Federal civil rules.

(4:20CV2726)

9.  The parties shall follow the default standard for discovery of electroncally-stored information (Appendix K to N.D. Ohio Local Rules).

10.  Discovery shall be completed on or before August 6, 2021. Expert reports on which a party bears the burden of proof are due on or before 45 days prior to the close of discovery. Response reports shall be completed no later than 15 days prior to the close of discovery.

11.  Counsel shall comply with LR 37.1, which outlines a process for resolution of discovery disputes—steps that must be taken in advance of a party's filing of a discovery motion. The first step requires the parties to make a sincere, good faith effort to resolve the dispute. Next, if the parties' sincere, good faith efforts have failed to resolve the dispute, the Court should be given informal notice, along with a certification of the effort made.  This notice can be made by letter or a telephone call to chambers with both sides' counsel on the line.  The Court may then choose to hold a telephonic conference or take other steps to resolve the dispute.  If the Court is unable to resolve the dispute, the Court may authorize the filing of a discovery motion. LR 37.1.  A discovery motion should only be filed *after* having been solicited by the Court.

12.  The parties have reached an agreement regarding the handling of disclosed privileged material.  *See* Fed. R. Civ. P. 16(b)(3)(B)(iv).

13.  Without leave of Court, no discovery or disclosure materials may be filed, except as necessary to support dispositive motions.  If a party intends to rely on deposition testimony in support of its position on a motion, the Court prefers the filing of the entire deposition rather than excerpts, unless the party truly believes that excerpts are sufficient, and with the proviso that any other party who believes the excerpts offered are not sufficient is free to file the entire deposition. In any event, discovery and disclosure materials submitted in support of any party's position shall be filed at the same time as that party's memorandum setting forth its position.

-3-

(4:20CV2726)

14.  The cutoff to amend pleadings and add parties is February 19, 2021.  Also see Fed. R. Civ. P. 15(a) (requiring a showing that an amendment is proper).  The cutoff date, however, is merely a time limitation—not a blanket leave.  A party must still demonstrate that an amendment is proper under Rule 15(a).  Absent written consent of the adverse party, the party seeking to amend at least must alert the Court and the adverse party to the substance of the proposed amendment by filing a Motion for Leave with an accompanying memorandum of law addressing the requirements of Rule 15(a).  In all cases, the party seeking leave of Court to amend must certify that prior notice of the proposed amendment was given and the adverse party withheld consent.

15.  Before a party may file a dispositive motion, it must submit a written request for judgment or to be dismissed to opposing counsel.  Opposing counsel shall either agree to the judgment or request for dismissal or shall give explicit reasons in writing for refusing to do so.  Upon such refusal, the party shall reassess its position and may file a dispositive motion if the party believes it is still entitled to summary judgment or dismissal.  The dispositive motion must be accompanied by a statement certifying that this exchange has occurred.

The cutoff for filing dispositive motions is September 7, 2021.  Responses shall be filed by October 7, 2021 (*See* LR 7.1(d)) and Replies by October 21, 2021 (*See* LR 7.1(e)).

Lead counsel of record shall confer with one another in person in order to prepare written stipulations as to all uncontested facts to be presented by the dispositive motion.  The stipulations shall be filed with the Court on or before September 7, 2021.  If there are no stipulations, a joint notice stating same shall be filed by the same date.  These are mandatory requirements.

16.  The next Status Conference will be held on July 30, 2021, at 12:00 p.m.  The conference will be conducted *via* telephone unless circumstances require otherwise.  Plaintiff's counsel is to set up the conference call by joining the other participants and calling the Court at (330) 884-7435.  Parties' attendance is welcome, but not mandatory.  Counsel should notify the Court in advance of a Status Conference if the matter has settled.

-4-

(4:20CV2726)

17. **Protective orders:** The Court will approve the parties proposed stipulated protective order (ECF No. 6) with modifications as discussed during the Telephonic Case Management Conference. A separate order will issue.

18. Counsel shall comply with LR 5.2. See pages 9-12 of the Electronic Filing Policies and Procedures Manual for further instructions.

19. Additional Rulings Regarding Motions – LR 7.1(b)-(j) (12/16):

The Court will strictly enforce provisions regarding length of memoranda filed in support of motions. *See* LR 7.1(f). Motions for relief from the length restrictions must show good cause for such relief and must be made sufficiently in advance to permit the Court to rule and the Clerk's Office to issue the ruling. Motions for relief from length restrictions which are filed contemporaneously with the memorandum exceeding the page limits will be denied.

The Court will permit only the motion with its supporting memorandum, the memorandum in opposition, and a reply. No sur-replies will be permitted absent advance leave of Court.

20. On or before February 19, 2021, at 4:00 p.m., the counsel shall discuss the merits, and file a joint notice concerning the status of, "Count I: Retaliation in Violation of Ohio Whistleblower Statute R.C. § 4113.5." ECF No. 1-1 at PageID #: 15-16. Counsel shall review the following authorities in connection with their review of the whistleblower claim:

Because "R.C. 4113.52(A)(1) protects an employee for *reporting certain information to outside authorities*[,]" failure to make an external report is fatal to Plaintiff's claim. *Contreras v. Ferro Corp.*, 652 N.E.2d 940 (Ohio 1995) (emphasis added); *Hill v. Mr. Money Financial Co.*, 491 F. Supp. 2d 725, 733 (N.D. Ohio 2007) ("[T]o be protected under Ohio Rev.Code § 4113.52(A) as referenced in § 4113.52(B), the plaintiff must have filed "a written report . . . with the proper prosecuting authority[.]"); *Branan v. Mac Tools*, 2004 WL 2361568, at *10 (Oh. App. 10 Dist. 2004) (No claim where plaintiff "arguably had the right to report the incident to

(4:20CV2726)

administrative or law enforcement authorities. [His] testimony ... however, ma[de] clear that he did not do so[.]").

Even where a Plaintiff contacts outside authorities, it appears to the Court he may not seek the statutes' protection if that report does not adequately seek action by the authority, making it even clearer that an external report must be filed to seek the statute's protection. *Wood v. Dorcas*, 757 N.E.2d 17, 22 (Oh App. 6 Dist. 2001) (No claim where plaintiff discussed the illegal activity with an appropriate agency, but failed to file a "report,' mean[ing] delivery of accumulated information to a proper authority with an expectation that such authority will act on the information set forth.") (emphasis added); *Bennett v. Columbiana Cty. Coroner*, 72 N.E.3d 242, 253 (Oh. App. 7 Dist. 2016) (reporting arguably illegal behavior as "odd" insufficient to seek the statute's protections).

IT IS SO ORDERED.

February 12, 2021                              /s/ Benita Y. Pearson
Date                                           Benita Y. Pearson
                                               United States District Judge